UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLICE CARTER, | No.  2:15-cv-2679-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| JAHMAN YATES, | |
| Defendant. | |

Plaintiff Darlice Carter, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Liberally construed, plaintiff's complaint in this case alleges that defendant Jahman Yates and an unidentified woman, working as agents for the Social Security Administration, have been "watching" plaintiff and her family and putting their "li[ves] in danger." (ECF No. 1 at 2.)  It further alleges that "every time [plaintiff] tr[ies] to find help[defendant and the woman] go right behind [plaintiff] and tell people what they want to hear." (Id.)  Finally, it alleges that an unidentified "judge has been putting [defendant and the woman] up to the harassment" even though plaintiff has "been to court" and "did all they ask [her] to do." (Id.)  Based on these allegations, plaintiff appears to request relief in the form of "going back to court in Washing [sic] D.C." (Id.)

////

2

Plaintiff has also attached a civil cover sheet to her complaint claiming that the basis of jurisdiction for this action results from the "U.S. Government" being the plaintiff in this action. (ECF No. 1-1.) This cover sheet also alleges that the complaint asserts claims for "Assault, Libel & Slander," that this is a "civil rights" action, and that this is a "reinstated or reopened" case. (Id.)

There are several problems with plaintiff's complaint. First, plaintiff claims that this court has jurisdiction over this action because the United States is the plaintiff. However, private citizens generally may not assert an action on the United States' behalf unless granted clear statutory permission to do so. See, e.g., 31 U.S.C. § 3730(b) (providing that a private person may bring a civil action for violations of the False Claims Act in the name of the United States). Here, plaintiff does not allege that such authority exists for her claims in this action, and the court is aware of none.

Second, although the complaint broadly alleges that this is a civil rights action, plaintiff fails to allege which constitutional or statutory right she is seeking to vindicate through her claim or claims. Similarly, plaintiff fails to even remotely allege sufficient facts from which the court can draw a reasonable inference that the officials involved engaged in the sort of conduct that could support claims for assault or defamation under California State law. Indeed, plaintiff's present allegations suggest only that the officials involved watched her and her family, put her and her family in unspecified life threatening danger, and went behind plaintiff to "tell people what they want to hear." (ECF No. 1 at 2.) Even assuming that the officials harassed plaintiff and her family and made statements behind her back, such conduct is not alleged with degree of factual specificity necessary to satisfy the applicable pleading requirements. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Finally, it does not appear from the complaint's allegations that the court can grant plaintiff's sole request for relief of "going back to court in Washing [sic] D.C." (ECF No. 1 at 2.) Plaintiff fails to specify whether she requests monetary damages, or some form of cognizable non-monetary relief such as declaratory or injunctive relief.

Given the above-mentioned deficiencies, plaintiff's complaint is subject to dismissal. Nevertheless, in light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could cure such deficiencies, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall clearly identify the named defendant(s); shall clearly identify under which federal statute plaintiff's claim is brought; shall outline the specific factual allegations in support of that claim; shall specify the relief sought; and shall be typed or written in legible handwriting.

Importantly, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff concludes that she is unable to state a viable claim or no longer wishes to pursue this action in federal court, she may instead file a notice of voluntary dismissal of the action without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with the requirements of this order or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  January 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE