UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARLICE CARTER,

        Plaintiff,

  v.

JAHMAN YATES,

        Defendant.

No.  2:15-cv-2679-JAM-KJN PS

ORDER TO SHOW CAUSE

    Plaintiff Darlice Carter, who is proceeding without counsel, filed her complaint and application to proceed in forma pauperis on December 28, 2015.[1]  (ECF Nos. 1, 2.)  On January 4, 2016, the undersigned granted plaintiff's application to proceed in forma pauperis, dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted plaintiff leave to file an amended pleading within 28 days.  (ECF No. 3.)

    It has been more than 28 days since the deadline for plaintiff to file an amended pleading pursuant to the undersigned's order of January 4, 2016.  (ECF No. 3.)  To date, plaintiff has not filed an amended complaint.  Accordingly, the court is inclined to recommend, on its own motion, the dismissal of plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

failure to comply with this court's order (ECF No. 3), which is incorporated by reference herein. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Nevertheless, in light of plaintiff's pro se status, the court will provide plaintiff with one final opportunity to file an amended complaint in compliance with the court's January 4, 2016 order (ECF No. 3). Plaintiff is also directed to file with the court a separate statement explaining her failure to comply with the court's order and why this case should not be dismissed based on

that failure.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. By no later than **April 7, 2016**, plaintiff shall show cause in writing why this case should not be dismissed for plaintiff's failure to prosecute the action and failure to comply with the court's order of January 4, 2016 (ECF No. 3).

2. On or before **April 7, 2016**, plaintiff shall file an amended complaint that addresses the issues raised in the court's screening order entered on January 4, 2016 (ECF No. 3).

3. *Plaintiffs' failure to file the required writing and amended complaint shall constitute an additional ground for, and plaintiffs' consent to, the imposition of appropriate sanctions, including a recommendation that plaintiffs' case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

IT IS SO ORDERED.

Dated: March 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE