UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLICE CARTER,<br><br>        Plaintiff,<br><br>   v.<br><br>JAHMAN YATES,<br><br>        Defendant. | No. 2:15-cv-2679-JAM-KJN PS<br><br><br>ORDER |

Plaintiff, who is proceeding without counsel, filed the original complaint and an application to proceed *in forma pauperis* on December 28, 2015.[1] (ECF Nos. 2.) On January 4, 2016, the court granted the motion to proceed *in forma pauperis* and dismissed the complaint with leave to amend within 28 days. (ECF No. 3.) When plaintiff failed to timely file an amended complaint, the court issued an Order to Show Cause ordering plaintiff to file an amended complaint on or before April 7, 2016. (ECF No. 4.) On March 10, 2016 plaintiff filed a First Amended Complaint ("FAC").[2] (ECF No. 5.)

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Because plaintiff timely filed her FAC prior to the extended deadline set by the court's OSC, the OSC is discharged.

As discussed in the court's previous order in this matter (ECF No. 3), the determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(2); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*

*pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

While the FAC does provide greater detail on who are the defendants, specifically the Social Security Administration and three of its agents, two of whom are identified by name, it actually contains fewer factual allegations than the initial complaint.[3]  (ECF No. 5 at 2-3.)  In short, plaintiff alleges that defendants "have a COO going on,"[4] and reiterates her allegations from the original complaint that defendants have put her family in some unidentified danger and in some way prevented her from getting help.  (Id.)  Plaintiff also alleges that she has "names[,] dates[, and] time of people [she has] called and [is] pressing over."  (Id.)

Based on these allegations, plaintiff alleges claims based on the Fourth and Fifth Amendments to the United States Constitution, as well as claims for "harassment, slander, prejudice, turture [*sic*]," humiliation, and abuse.  (Id. at 4, 6.)  This somewhat addresses the court's previous concerns regarding plaintiff's claims in that it clarifies the sources on which plaintiff bases her constitutional claims and provides some indication as to the sort of alleged behavior on which she bases her apparent claims of assault and defamation.  However, plaintiff still fails to indicate in her allegations which aspects of her Fourth and Fifth Amendment rights were violated by defendants.  In addition, while plaintiff alleged claims for assault and defamation in her original complaint, she fails to expressly make such claims in the FAC despite providing some vague additional allegations apparently in regard to such claims.  Moreover, plaintiff yet again fails to specify whether she requests monetary damages, or some form of cognizable non-monetary relief such as declaratory or injunctive relief.  (Id. at 6.)  Indeed, the FAC is completely devoid of any cognizable request for relief.

---

[3] Plaintiff also writes the name of the undersigned, alongside or close to the names of the defendants on several occasions in the FAC. (ECF No. 5 at 1, 2, 5.) Given the imprecision of the pleading it is difficult to tell if plaintiff is addressing the undersigned or attempting to add the undersigned as a defendant to this action.

[4] It is unclear from plaintiff's allegations what she means when she uses the term "COO" in the FAC.

1    While plaintiff has addressed some of the problems found in the previous complaint, the
2    FAC still falls badly short of the factual detail necessary to allow the court to find that plaintiff's
3    pleading states a cognizable claim for relief.  Again, plaintiff fails to even remotely allege
4    sufficient facts from which the court can draw a reasonable inference that the officials named as
5    defendants engaged in the sort of conduct that could support claims under the Fourth and Fifth
6    Amendments to the United States Constitution, or for assault or defamation under California State
7    law.  See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual
8    content that allows the court to draw the reasonable inference that the defendant is liable for the
9    misconduct alleged." ).  Plaintiff cannot simply allege that she has "names[,] dates [and] time[s]"
10   of alleged misconduct, she must actually provide those facts in sufficient detail to meet the
11   required pleading standards.  Furthermore, plaintiff fails to specify what, if any, remedy will
12   satisfy her claims.
13       Given these deficiencies, the court must dismiss plaintiff's FAC.  Nevertheless, in light of
14   plaintiff's pro se status, and in light of plaintiff's allegations that she possesses greater factual
15   detail than she has provided in the FAC, it is at least conceivable that plaintiff could cure these
16   deficiencies.  Accordingly, the court dismissses the FAC with leave to amend to give plaintiff
17   another opportunity to address the pleading defects discussed above.
18       If plaintiff elects to file an amended complaint, it shall be captioned "Second Amended
19   Complaint"; shall clearly identify the named defendant(s); shall clearly identify under what
20   constitutional provision(s) plaintiff's Fourth and Fifth Amendment claims are brought; shall
21   outline the specific factual allegations in support of each of plaintifff's claims; shall specify the
22   relief sought; and shall be typed or written in legible handwriting.
23       Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order
24   to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an
25   amended complaint be complete in itself without reference to any prior pleading.  As a general
26   rule, an amended complaint supersedes the original complaint and any previous amended
27   complaint, and once the second amended complaint is filed, the original and first amended
28   complaints no longer serve any function in this case.

Importantly, nothing in this order requires plaintiff to file a second amended complaint. If plaintiff concludes that she is unable to state a viable claim or no longer wishes to pursue this action in federal court, she may instead file a notice of voluntary dismissal of the action without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The March 4, 2016 Order to Show Cause (ECF No. 4) is discharged.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a second amended complaint in accordance with the requirements of this order or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a second amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 1, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE