1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARLICE CARTER,                              No.  2:15-cv-2679-JAM-KJN PS

12                    Plaintiff,

13          v.                                    ORDER AND

14   JAHMAN YATES,                                FINDINGS AND RECOMMENDATIONS

15

16                    Defendant.

17

18

19          Plaintiff, who is proceeding without counsel, filed the original complaint and an

20   application to proceed *in forma pauperis* on December 28, 2015.[1]  (ECF Nos. 1, 2.)  On January

21   4, 2016, the court granted the motion to proceed *in forma pauperis* and dismissed the complaint

22   with leave to amend within 28 days.  (ECF No. 3.)  When plaintiff failed to timely file an

23   amended complaint, the court issued an Order to Show Cause ("OSC") ordering plaintiff to file

24   an amended complaint on or before April 7, 2016.  (ECF No. 4.)  On March 10, 2016 plaintiff

25   filed a first amended complaint.  (ECF No. 5.)  Accordingly, the court discharged the OSC, but

26   again dismissed the complaint with leave to amend because plaintiff's amended allegations were

27   _____

28   [1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    still inadequate to state a cognizable claim.  (ECF No. 6.)  Plaintiff again failed to timely file a

2    further amended complaint, causing the court to issue a second OSC and direct plaintiff to file her

3    second amended complaint by no later than June 2, 2016.  (ECF No. 7.)  Plaintiff timely filed her

4    second amended complaint in response to the court's second OSC on June 2, 2016.[2]  (ECF No. 8.)

5         As discussed in the court's previous orders in this matter (ECF Nos. 3, 6), the

6    determination that a plaintiff may proceed in forma pauperis does not complete the required

7    inquiry.  The court is also required to screen complaints brought by parties proceeding *in forma*

8    *pauperis*.  See 28 U.S.C. § 1915(e)(2); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en

9    banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to

10   the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is untrue,

11   the action is frivolous or malicious, the complaint fails to state a claim on which relief may be

12   granted, or the action seeks monetary relief against an immune defendant.

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.

18        To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

19   assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

20   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

21   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

23   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

24   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

25   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

26   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

27

28   [2] Because plaintiff timely filed her second amended complaint by the extended deadline set by the
     court's second OSC, the second OSC is discharged.

1    the court must accept the factual allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007),

2    and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416

3    U.S. 232, 236 (1974).

4         Pro se pleadings are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21

5    (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

6    that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*

7    *pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  <u>See</u> <u>Noll</u>

8    <u>v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th

9    Cir. 1984).

10        Here, plaintiff's second amended complaint provides even fewer factual details than her

11   prior two pleadings, neither of which even remotely provided factual allegations sufficient to state

12   a claim under the pleading standards set forth in <u>Twombly</u> and <u>Iqbal</u>.  (<u>See</u> ECF Nos. 3, 6.)

13   Indeed, plaintiff provides only the following incoherent factual allegations in her second amended

14   complaint:  "I've been watched for 4 year's [*sic*].  Treated worser [*sic*] than the Lady.  I am my

15   life in danger and my family they only say what they want you to no 1400 pages."  (ECF No. 8 at

16   5.)  Based on this single passage, plaintiff alleges claims against defendants for: "slander, abuse,

17   turture [*sic*], accountability, predudice [*sic*], harassment [*sic*], 4-5 amendment, 1st degree

18   murder."  (<u>Id.</u> at 4.)  Plaintiff requests relief in the form of $2.5 million in monetary damages.

19   (<u>Id.</u> at 5.)

20        As an initial matter, with regard to plaintiff's claim for "1st degree murder," the court

21   notes that plaintiff, as a private citizen, does not have standing to prosecute any criminal claims,

22   or to compel the prosecution of criminal charges by virtue of a civil action.  Criminal charges

23   may only be brought by an appropriate prosecutorial authority, such as a district attorney's office,

24   in its discretion.

25        More importantly, as discussed in the court's previous orders, plaintiff's limited factual

26   pleadings fail to even come close to providing sufficient facts from which the court can draw a

27   reasonable inference that the officials named as defendants engaged in the sort of conduct that

28   could support claims under the Fourth and Fifth Amendments to the United States Constitution,

3

1   or for the various other claims that plaintiff apparently attempts to allege.  See Iqbal, 556 U.S. at

2   678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court

3   to draw the reasonable inference that the defendant is liable for the misconduct alleged." ).  To be

4   sure, the sparse and largely unintelligible factual allegations provided in the second amended

5   complaint fail to provide even a coherent basis on which to discern whether it is possible for

6   plaintiff to state a cognizable claim of any kind.

7           Given these fundamental pleading deficiencies, plaintiff's second amended complaint

8   must be dismissed.  Furthermore, the court recommends that dismissal of the second amended

9   complaint, and indeed this entire action, be with prejudice.  The court is cognizant of the need to

10  construe a plaintiff's complaint liberally and to provide a pro se plaintiff with an opportunity to

11  cure deficiencies if it appears possible that the plaintiff could do so.  However, the court has

12  granted plaintiff multiple opportunities to amend her pleading and repeatedly highlighted why her

13  allegations fail to state a cognizable claim (ECF Nos. 3, 6), but plaintiff has with every

14  opportunity failed to meaningfully address the even the most fundamental of problems with her

15  pleading.  To be sure, plaintiff appears to have provided even fewer, and less coherent, factual

16  allegations with each amended pleading.  (Compare ECF No. 1 with ECF Nos. 5, 8.)

17          Furthermore, plaintiff has filed each amended pleading only after the court has issued an

18  OSC based on her failure to timely file an amended complaint.  (See ECF Nos. 4, 5, 7, 8.)

19  Despite the fact that the court repeatedly provided her additional time in which to file an amended

20  pleading and cautioned her of the consequences for failing to address the pleading deficiencies

21  outlined in the court's orders, plaintiff has continued to file amended complaints that not only

22  entirely fail to address those deficiencies but also provide even less of a factual basis to support

23  her apparent claims than her prior pleadings.  Accordingly, the court concludes that granting

24  further leave to amend would be futile and inappropriate under these circumstances.

25          Based on the foregoing, IT IS HEREBY ORDERED that the May 4, 2016 Order to Show

26  Cause (ECF No. 7) is discharged.

27  ////

28  ////

4

Furthermore, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  June 8, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5